# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANJA PILLER,

    Plaintiff,

v.

PERFTECH, INC., an Illinois corporation
and PAUL DEVINE,

    Defendants.

No. 10 C 5504
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a four-count amended complaint alleging three counts of breach of contract against Defendant Perftech, Inc. ("Perftech"), and a fourth count for a breach of a personal guarantee in connection with one promissory note against Paul Devine. The alleged breaches are based on three promissory notes ("Notes") executed by Perftech and payable to Anja Piller ("Piller"). After unsuccessful efforts to resolve these discovery disputes, Plaintiff filed the instant motion to compel production of all documents responsive to document requests 5, 6, 13, 15, 16, 17, 18, 19, 21, and 25. Plaintiff's motion is granted in part.

## I. STATEMENT OF FACTS

Plaintiff alleges that she made various loans to Defendant, which all contained the promise that if additional investments of a certain amount were attained, then "the principal sum of this promissory note shall convert into equity in the Holder [sic] on a basis to be agreed between the parties" and that interest on the promissory note "shall also be converted into equity of the Holder [sic] on a basis to be agreed between the parties." Plaintiff alleges that the terms regarding the potential conversion of the Note into equity were never agreed upon, nor did

Perftech fulfill its "Additional Investment" condition, and therefore the principal of the Note, along with interest, became payable in full on September 30, 2009. Specifically, the Notes required Perftech to raise a total of $3.05 million by September 30, 2009, at which point the principal sum of the promissory notes would convert into equity. To date, Defendants have refused to re-pay Plaintiff. Defendants claim that the Additional Investment conditions were met, and that an agreement was reached.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(b), parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

In her motion, Plaintiff complains that many documents have not been produced, though Plaintiff only makes a substantive argument as to Request 21. Defendants distilled Plaintiff's numerous allegations of stonewalling, and failing to produce relevant documents into specific arguments regarding individual discovery requests. I do not address discovery requests where a specific argument as to its relevance, or lack thereof, has not been made.

### A. <u>Motion to Compel Requests 5 and 6 Is Granted.</u>

Request to produce 5 seeks "all notes, correspondence, e-mail messages, reports, memoranda, spreadsheets, electronically-stored documents, or other documents that refer or relate to Perftech's efforts to raise funds from investors in 2009." Request 6 seeks the same category of documents relating to any funding provided by investors to Perftech in 2009. Defendants object to these requests on the basis of relevance.

Plaintiff argues that these documents are relevant for various reasons.  First, Plaintiff argues that documents showing that Perftech was still soliciting additional funding from investors after September 30, 2009 would indicate that Perftech had not raised the threshold investment amounts that would have triggered the conversion of her Notes into equity.  Similarly, Plaintiff alleges that materials sent to other investors could demonstrate how the Defendants treated Perftech shareholders, and whether Defendants' treatment of Plaintiff was consistent with her having converted.  Plaintiff also argues that documents pertaining to additional investments are needed to corroborate financial statements which indicate that in 2009 the company borrowed $3.8 million.  Plaintiff contends that if "Anja's $1 million+ Notes are included in that borrowing, it is strong evidence that she did not convert in equity."

I agree that documents related to fundraising efforts and funding are relevant to this case.  A factual issue central to Plaintiff's complaint is whether Defendants met their Additional Investment conditions.  Although documents showing that Perftech was still soliciting funding after September 20, 2009 do not necessarily prove, or show, that Perftech had not met its Additional Investment conditions, documents related to fundraising efforts in 2009 are clearly relevant.  Accordingly, I grant Plaintiff's motion to compel Requests 5 and 6.

B. <u>Motion to Compel Requests 13 and 15 Is Granted.</u>

Request 13 seeks production of "all notes, correspondence, e-mail messages, reports, memoranda, spreadsheets, electronically-stored documents, or other documents referring or relating to any communications between you on the one hand and Andreas Etter on the other hand."  Request 15 seeks production of "all notes, correspondence, e-mail messages, reports, memoranda, spreadsheets, electronically-stored documents, or other documents referring or

3

relating to any communications between you on the one hand and Manuel Ebner on the other hand."

Manuel Ebner ("Ebner") and Andreas Etter ("Etter") are individuals who converted their promissory notes into Perftech stock around the same time that Plaintiff refused to do so. Plaintiff and Messrs. Ebner and Etter were referred to as the "Swiss Group" or the "Ebner Group." Defendants agreed to produce documents relating to communications with Etter or Ebner relating to the Notes, the Additional Investments, the conversion of the notes into equity or that otherwise relate or refer to Anja or Daniel Piller. Defendants argue that requesting "all" documents is overly broad because it encompasses many documents that would have no bearing on any issues in this case and would not be reasonably calculated to lead to the discovery of admissible evidence. Plaintiff argues Defendants' suggested production is unduly narrow because "Notes" is a defined term pertaining only to Plaintiff's Notes to Perftech. Plaintiff argues that documents pertaining to whether Ebner or Etter converted their notes to equity is relevant because if "documents and records (such as stock registries) show Messrs. Ebner and Etter or others as shareholders, but not Anja, that is strong evidence that she did not convert." Moreover, Plaintiff argues that communications between Defendants and Etter or Ebner related to Perftech Europe's operations are relevant because documents relating to shareholder meetings or shareholders could show whether Plaintiff ever converted her Notes into equity, an affirmative defense raised by Defendants. Given that Defendants contend that a portion of her investment has already converted into shares of Perftech Europe AG, I grant Plaintiff's motion to compel production of these documents. Additionally, I note that in her reply, Plaintiff concedes that she does not seek any personal communications between the parties.

4

C. <u>Motion To Compel Requests 18 and 19 Is Granted In Part.</u>

Request 18 seeks "all Perftech's audited and unaudited financial statements for the years 2008 through 2010, including all footnotes, audit opinions, and management discussions and analyses." Request 19 seeks "all internal and independent auditor reports, management letters, and internal control letters referring or relating to Perftech, any drafts or such documents, and Perftech's responses to such documents." Defendants have agreed to produce financial statements and auditor reports for 2009 and financial statements from 2010. Defendants have refused to produce 2008 financial statements and auditor reports and 2010 auditor reports asserting that such documents have no relevance to the matters at hand.

As to the relevance of the 2008 reports, Plaintiff argues that these are needed to add context to the produced 2009 reports. As an example, Plaintiff argues that the Consolidated Balance Sheet for the year ending December 31, 2009 indicates that as of that date, Perftech had liability of $4,520,163 related to "notes payable." Plaintiff argues that by comparing the amount of notes payable and due as of December 31, 2008, she will be able to determine whether her Notes were included in the undefined sum on the 2009 financial statement. I find this argument unavailing. Although the financial statements of 2009 and 2010 are relevant to the conversion of the Notes, and determining whether the Additional Investment conditions were met, I do not agree that the 2008 financial statements are necessary to interpret the 2009 financial statements which have been produced. I do, however, agree that 2010 auditor reports are relevant to add context and meaning to the 2010 financial statements already produced. Accordingly, Defendants are ordered to produce its 2010 auditor reports.

D. <u>Motion to Compel Request 21 Is Denied</u>

Request 21 seeks "all documents evidencing Devine's net worth or financial condition, including bank and brokerage account statements, retirement account statements, all income tax returns (with all supporting schedules and documents) for 2008 and 2009, employment agreements, 401(k) account statements, deferred compensation agreements, executive retirement plan agreements, home appraisals, home and personal articles insurance policies, vehicle titles, and all documents related to any business or real estate investments." Plaintiff also notes in her reply that she seeks the same documents as to Barry Sullivan, Sr. Defendants object to the production of these documents as "harassing and over reaching as it does not seek relevant information nor is it likely to lead to the discovery of admissible evidence."

Plaintiff argues that "[i]f neither Perftech nor Devine had the financial means to pay the Notes at the time they became due in September 2009 (or even during the parties' negotiations into 2010) Defendants' false contention that she converted her Notes may be a story concocted out of necessity rather than one supported by facts." Plaintiff further argues her request as to Barry Sullivan, Sr. is relevant based on "statements made to Anja both prior to and following the loans she made regarding the financial condition of the guarantor and the primary financial backers of Defendant Perftech." Following this logic, Plaintiff seeks Defendant's financial information in hopes that it will lead to information about the financial condition of Perftech's primary financial backers.

I deny Plaintiff's motion to compel Request 21. The issues raised by her complaint surround whether the Notes became due and whether Devine's obligation under the guarantee

D. <u>Motion to Compel Request 21 Is Denied</u>

Request 21 seeks "all documents evidencing Devine's net worth or financial condition, including bank and brokerage account statements, retirement account statements, all income tax returns (with all supporting schedules and documents) for 2008 and 2009, employment agreements, 401(k) account statements, deferred compensation agreements, executive retirement plan agreements, home appraisals, home and personal articles insurance policies, vehicle titles, and all documents related to any business or real estate investments." Plaintiff also notes in her reply that she seeks the same documents as to Barry Sullivan, Sr. Defendants object to the production of these documents as "harassing and over reaching as it does not seek relevant information nor is it likely to lead to the discovery of admissible evidence."

Plaintiff argues that "[i]f neither Perftech nor Devine had the financial means to pay the Notes at the time they became due in September 2009 (or even during the parties' negotiations into 2010) Defendants' false contention that she converted her Notes may be a story concocted out of necessity rather than one supported by facts." Plaintiff further argues her request as to Barry Sullivan, Sr. is relevant based on "statements made to Anja both prior to and following the loans she made regarding the financial condition of the guarantor and the primary financial backers of Defendant Perftech." Following this logic, Plaintiff seeks Defendant's financial information in hopes that it will lead to information about the financial condition of Perftech's primary financial backers.

I deny Plaintiff's motion to compel Request 21. The issues raised by her complaint surround whether the Notes became due and whether Devine's obligation under the guarantee

was triggered. The ability of Defendants to pay its alleged debt to Plaintiff is not relevant to the issues presented in her complaint.

E. <u>Motion to Compel Request 25 Is Denied.</u>

Request 25 seeks "any documents not produced in response to the above requests that support, contradict, or otherwise refer or relate to any of the allegations, statements or claims in the Complaint or the Answer and Affirmative Defenses. Defendants challenge this request as overbroad and vague. Although Plaintiff argues that such a "catch all" request is appropriate given Defendants' "hide the ball" approach, I disagree. The rules of discovery do not mandate that each party hand over to the other side everything in its possession. *See M. McGee Design Studio, Inc. v. Brinson*, No. 94 C 1644, 1994 WL 380613, at *10 (N.D. Ill. July 18, 1994). Accordingly, Plaintiff's motion to compel request for production 25 is denied.

F. <u>Comments Regarding Requests 16 and 17 and May 20 Document Production.</u>

In her reply, Plaintiff states that Defendants have unilaterally limited many relevant, responsive documents to requests 16 and 17. Likewise, Plaintiff contends that Defendants' May 20th document production is deficient. Because Defendants have not yet had the opportunity to respond, I will not rule on production of request to produce 16 or 17, nor the completion of the May 20th document production at this time.

G. <u>Plaintiff's Request For Fees Is Denied.</u>

Pursuant to Rule 37(a)(5)(c), when a Rule 37 motion is granted in part and denied in part, the court may apportion the reasonable expenses of the motion. Given the circumstances of this case, I do not find an award of attorneys' fees is appropriate.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel production of documents is granted in part and denied in part. Plaintiff's motion to compel is granted as to Requests 5, 6, 13, and 15, denied as to Requests 21 and 25, and granted in part as to Requests 18 and 19. Plaintiff's request for fees is denied.

ENTER:

/s/ James B. Zagel
James B. Zagel
United States District Judge

DATE: June 9, 2011